IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESLIE FAYE LEA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2002-D-BN |
| | § | |
| NISSAN MOTOR ACCEPTANCE | § | |
| CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Leslie Faye Lea brings a *pro se* lawsuit against her former employer, Defendant Nissan Motor Acceptance Corporation (NMAC), and two individuals alleging that NMAC failed to accommodate her disability and retaliated against her in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (the ADEA) and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (the ADA). *See* Dkt. No. 3. Because Lea also moves for leave to proceed *in forma pauperis* (IFP), Senior United States District Judge Sidney A. Fitzwater referred the complaint to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Lea leave to proceed IFP through a separate order. And the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the claims against the individual defendants with prejudice and then order Lea's complaint served on NMAC under the IFP Statute, 28 U.S.C. § 1915, and Federal Rule of Civil Procedure 4.

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Under this authority, insofar as Lea alleges claims against two individual defendants (Jason Perry and Anna Smith), *see* Dkt. No. 3 at 2, "Title VII does not impose liability on individuals unless they are 'employers,'" *Provensal v. Gaspard*, 524 F. App'x 974, 977 (5th Cir. 2013) (per curiam) (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994)). The United States Court of Appeals for the Fifth Circuit has "repeatedly rejected any individual liability under Title VII." *Baldwin v. Layton*, 300 F. App'x 321, 323 (5th Cir. 2008) (per curiam). And individual liability under the ADEA and the ADA is similarly limited.

The Fifth Circuit extended *Grant*'s holding to the ADEA. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) ("The statutory scheme of Title VII at issue in Grant is virtually identical to the statutory scheme of the ADEA at issue here. Both acts limit liability to employers with more than a minimum number of employees, and both define 'employer' to include agents of the employer. The plaintiffs have directed us to no salient distinction between the ADEA and its closest statutory kin, and we have found none. Therefore, we find that this Court's reasoning in *Grant* applies with equal force in the present context and hold that the ADEA provides no basis for individual liability for supervisory employees.").

And this reasoning applies equally to the ADA. *See, e.g., Taylor v. Academic P'ships, LLC*, No. 3:19-cv-1764-K-BN, 2019 WL 6619808, at *4 (N.D. Tex. Nov. 5,

2019) ("The ADA prohibits employers from discriminating against a 'qualified individual with a disability on the basis of that disability.' 42 U.S.C. § 12112(a); *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2015). The ADA's definition of 'employer' is essentially identical to the definition contained within Title VII. *See* 42 U.S.C. § 12111(5)(A) ('The term "employer" means a person engaged in an industry affecting commerce who has 15 or more employees for each working day … and any agent of such person'). And courts interpret the ADA consistent with Title VII's provisions. *See, e.g.*, *Brewer v. Lavoi Corp.*, No. 3:13-cv-4918-N, 2014 WL 4753186, at *3 (N.D. Tex. Sept. 24, 2014)."), *rec. accepted*, 2019 WL 6619385 (N.D. Tex. Dec. 4, 2019).

Lea alleges no facts under which either Perry or Smith may be considered statutory employers, so neither can be liable to Lea under the ADEA and the ADA as a matter of law. The Court should therefore dismiss the claims against these defendants with prejudice. After doing so, the Court should order that Lea's complaint be served on NMAC.

### Recommendation

The Court should dismiss any claims against Defendants Jason Perry and Anna Smith with prejudice and, after doing so, should order that Plaintiff Leslie Faye Lea's *pro se* complaint be served on Defendant Nissan Motor Acceptance Corporation under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 27, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE