IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESLIE FAY LEA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-2002-D |
| | § | |
| NISSAN MOTOR ACCEPTANCE | § | |
| CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Nissan Motor Acceptance Corporation's ("Nissan's") Fed. R. Civ. P.

12(b)(6) motion to dismiss presents the question whether *pro se* plaintiff Leslie Fay Lea

("Lea") is judicially estopped from pursuing age and disability discrimination claims against

Nissan due to her failure to disclose the claims in her chapter 13 bankruptcy case.

Concluding that Lea is judicially estopped, the court grants Nissan's motion and dismisses

this action with prejudice by judgment filed today.

I

This is an action by Lea against Nissan for age and disability discrimination under the

Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and the Americans

with Disabilities Act of 1990, 42 U.S.C. 42 U.S.C. § 12101.  Lea worked for Nissan as a

collections specialist from January 2018 until she was terminated in August 2018.[1]

---

[1]In deciding Nissan's Rule 12(b)(6) motions to dismiss, the court construes the
complaint in the light most favorable to Lea, accepts as true all well-pleaded factual

According to Lea's complaint,[2] Nissan discriminated against her throughout her employment based on her age and disability by, among other things, failing to accommodate her disability, imposing unequal terms and conditions of employment, retaliating against her, and terminating her employment.

Lea alleges that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") charge on September 14, 2018.  On March 26, 2021, while her EEOC charge was pending, Lea filed a chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Texas.  In her bankruptcy case, Lea submitted the required sworn schedules of assets and liabilities.  But in response to the required disclosure of "Claims against third parties, *whether or not you have filed a lawsuit or made a demand for payment*," ECF No. 13 at 24 (emphasis added), Lea did not disclose her claim against Nissan.  Instead, she represented that her only claim was a pending Lottery Class Action suit pending in a Texas civil district court in Travis County, Texas.

Lea asserts that she received her Notice of Right to Sue letter from the EEOC on June 4, 2021.  After receiving the Right to Sue letter, Lea amended her chapter 13 plan on July 13, 2021, but she still failed to disclose her claim against Nissan.  Meanwhile, Lea filed this lawsuit against Nissan on August 25, 2021.  Relying on Lea's representations, the bankruptcy court confirmed her bankruptcy plan on October 8, 2021.

___

allegations, and draws all reasonable inferences in her favor.  *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

[2]Lea used standard form Pro Se 7 when filing her complaint.

Nissan now moves to dismiss under Rule 12(b)(6), contending that, because Lea did not disclose her discrimination claims to the bankruptcy court, she is estopped from pursuing this lawsuit. In response, Lea maintains that she should not be estopped because her failure to disclose her discrimination claims was inadvertent. The court is deciding Nissan's motion on the briefs.

II

"In ruling on a Rule 12(b)(6) motion to dismiss, the district court cannot look beyond the pleadings and must accept as true those well-pleaded factual allegations in the complaint." *Hall v. Hodgkins*, 305 Fed. Appx. 224, 227 (5th Cir. 2008) (per curiam) (citation, internal quotation marks, and brackets omitted). The court can, however, "consider matters of which it may take judicial notice." *Id.* (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). "And it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Hall*, 305 Fed. Appx. at 227 (citation and internal quotation marks omitted). Thus the court can take notice of the publicly available records in Lea's prior bankruptcy proceeding. *See Cox v. Richards*, 761 Fed. Appx. 244, 248 (5th Cir. 2019) (per curiam).[3]

---

[3]"A district court may take judicial notice of public records without converting a Rule (12)(b)(6) motion into a motion for summary judgement. The district court's consideration of publicly available records in Cox's prior bankruptcy proceedings was not error." *Cox*, 761 Fed. Appx. at 248 (citation omitted).

III

Nissan moves to dismiss this action based on judicial estoppel, because in her bankruptcy Lea swore under oath to the Bankruptcy Court that no such claims existed.

A

"[J]udicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011). "The purpose of the doctrine is to protect the integrity of the judicial process, by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *In re Wakefield*, 293 B.R. 372, 378 (N.D. Tex. 2003) (Fitzwater, J.) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)) (internal quotation marks and brackets omitted). Judicial estoppel applies when (1) the position of the party to be estopped is plainly inconsistent with its previous position, (2) the court accepted the previous position, and (3) the party did not act inadvertently. *Reed*, 650 F.3d at 574. "Because the doctrine is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary." *Costal Plains*, 179 F.3d at 205 (citations omitted). The three elements specified in *Reed* are not "inflexible prerequisites" or part of "an exhaustive formula," and "different considerations 'may inform the doctrine's application in specific factual contexts.'" *Reed*, 650 F.3d at 574 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001) (some internal quotation marks omitted)). When representations made in bankruptcy are at issue, the court should be "sensitiv[e] to the duties and goals of the

- 4 -

overarching bankruptcy system." *Anderson v. Entergy Operations, Inc.*, 2012 WL 5400059, at \*2 (S.D. Miss. Nov. 5, 2012) (citing *Reed*, 650 F.3d at 574).  The court must therefore apply judicial estoppel in a way that "deter[s] dishonest debtors…, while protecting the rights of creditors to an equitable distribution of the assets of the debtor's estate."  *Reed*, 650 F.3d at 574.  Because invoking judicial estoppel is discretionary, the court need not apply it against the offending party.  *See id.*

B

Because the court is deciding this motion in the context of Rule 12(b)(6), it considers first whether Nissan has established each of the three elements for judicial estoppel through the pleadings.

1

"It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." *In re Superior Crewboats*, 374 F.3d 330, 335 (5th Cir. 2004) (quoting *Coastal Plains*, 179 F.3d at 207-08); *see also* 11 U.S.C. § 512(a)(1).  Lea clearly represented to the bankruptcy court that she had no claims against Nissan when she failed to disclose—either in her original schedule or through any amendments—her EEOC charge against Nissan, and instead stated that her only property within the category of "Claims against third parties, *whether or not you have filed a lawsuit* or made a demand for payment," ECF No. 13 at 24 (emphasis added), was a Lottery Class Action suit pending in a Texas civil district court in Travis County, Texas.  Yet, in this lawsuit, she asserts the opposite: she alleges that

she has federal-law discrimination claims against Nissan.  The two positions are "plainly
inconsistent." *Anderson*, 2012 WL 5400059, at *3 (finding inconsistency under materially
identical facts).

2

By confirming her chapter 13 plan, the bankruptcy court accepted Lea's position that
she did not have the claims that she now asserts.  This element requires "that the first court
has adopted the position urged by the party, either as a preliminary matter or as part of the
final disposition." *Superior Crewboats*, 374 F.3d at 335 (quoting *Coastal Plains*, 179 F.3d
at 206).  A "formal judgment" is not required.  *Id.*  Courts have consistently held that a
bankruptcy court accepts a debtor's position when it relies on her asset schedules and
confirms her bankruptcy plan.  This reliance need not be explicit; the court assumes reliance
on the debtor's schedules when the bankruptcy court confirms the debtor's plan.  *See, e.g.,*
*Jethroe v. Omnova Solutions, Inc.,* 412 F.3d 598, 600 (5th Cir. 2005) ("[The bankruptcy]
court certainly confirmed [debtor's] plan at least in part based on its assessment of her assets
and liabilities." (citing *Costal Plains*, 179 F.3d at 210)); *Edwards v. Huntington Ingalls, Inc.*,
2011 WL 3891872, at *6 (S.D. Miss. Aug. 29, 2011) ("This Court concludes that, by
confirming a Chapter 13 Plan for Plaintiff, the Bankruptcy Court relied, at least in part, on
Plaintiff's bankruptcy schedules as presented [.]"); *Anderson*, 2012 WL 5400059, at *3
(addressing chapter 13).   Here, the bankruptcy court confirmed Lea's plan without
knowledge of her EEOC charge against Nissan.  Lea filed for bankruptcy while her EEOC
charge was still pending, and she filed this lawsuit while her chapter 13 bankruptcy

- 6 -

proceeding was still pending.  Because a bankruptcy court relies on the totality of a debtor's

schedules and other information when deciding whether to confirm a plan, the bankruptcy

court adjudicating Lea's case undoubtedly relied at least partially on Lea's assertion that she

did not have any other claims against third parties aside from the Lottery Class Action suit

pending in a Texas civil district court in Travis County, Texas.  The bankruptcy court

therefore accepted Lea's claim.

3

The third prong of the test for judicial estoppel addresses whether the party to be

estopped acted inadvertently.  *See Jethroe*, 412 F.3d at 600.  This is the key point of dispute

between Lea and Nissan.  Lea contends her omission was inadvertent; Nissan maintains that

it was not.

In considering judicial estoppel for a bankruptcy proceeding, Lea may establish that

her failure to disclose was inadvertent by "prov[ing] that she did not know of the inconsistent

position or that she had no motive to conceal it from the court."  *Id.* at 601.  Nissan contends

that Lea knew of her pending EEOC charge before she filed for bankruptcy and had motive

to conceal the claim because it would reap a windfall had she been able to recover on the

undisclosed claim without having disclosed it to her creditors.

Turning first to knowledge, the court concludes that Lea knew of her pending EEOC

claim at the time she filed for chapter 13 bankruptcy, and she knew that she had sued Nissan

while her bankruptcy was still pending.[4]  Yet Lea failed to amend her bankruptcy plan,

despite an ongoing obligation to do so.  *See Anderson*, 2012 WL 5400059, at *4 ("A plaintiff

is judicially estopped from pursuing an EEOC charge filed while his bankruptcy petition was

pending and where he did not fulfill his duty to amend the petition to include that claim."

(quoting *Jethroe*, 412 F.3d at 600)).

        The court also concludes that Lea acted with a motive to conceal.  Context alone can

establish motive to conceal.  "[T]he motivation sub-element is almost always met if a debtor

fails to disclose a claim or possible claim to the bankruptcy court.  Motivation in this context

is self-evident because of potential financial benefit resulting from the nondisclosure." *Love

v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012), *Id.* at 262 (citation omitted).  In

*Superior Crewboats*, in the context of a motion to dismiss, the panel concluded that there was

a motive to conceal because the plaintiffs "would certainly reap a windfall had they been able

---

    [4]Although Lea undoubtedly knew of her EEOC claim, lawsuit, and pending
bankruptcy, a plaintiff has knowledge of a claim whenever she knows the facts that give rise
to the claim.  *See Jethroe*, 412 F.3d at 601 (to establish inadvertence through lack of
knowledge, plaintiff "must show . . . that . . . at the time she filed her bankruptcy petition, she
was unaware *of the facts* giving rise to [the claim]" (emphasis added)).  "The debtor need not
know all the facts or even the legal basis for the cause of action; rather, if the debtor has
enough information . . . prior to confirmation to suggest that it may have a possible cause of
action, then it is a 'known' cause of action such that it must be disclosed." *Coastal Plains*,
179 F.3d at 208 (citation omitted).  Lea alleges in her complaint that she was subjected to
discriminatory remarks regarding her age from her supervisor at Nissan and was denied
handicap parking.  She therefore knew of her claims at the time she filed for bankruptcy.  *See
Anderson*, 2012 WL 5400059, at *4 (concluding at summary judgement stage that plaintiff
had knowledge where his complaint alleged that he never received overtime pay despite
"routinely" working in excess of 40 hours per week); *Gaskins v. Thousand Trails, LP*, 521
F.Supp.2d 693, 697 (S. D. Ohio 2007) (same complaint alleged the "plaintiff 'regularly'
worked more than 40 hours per week).

to recover on the undisclosed claim without having disclosed it to the creditors." *Superior Crewboats*, 374 F.3d at 336.  Here, Lea would have reaped a windfall had she been able to recover on her lawsuit against Nissan without disclosing it to the bankruptcy court: she would have been able to retain her recovery, without making it available for proper allocation to creditors.  Lea therefore had a motive to conceal and did not act inadvertently. Accordingly, the court holds that Nissan has established the third prong of judicial estoppel.

C

The court now considers whether it is in its discretion to apply the doctrine of judicial estoppel.

"Because the doctrine is equitable in nature, it should be applied flexibly, with an intent to achieve substantial justice . . ..  Application of the doctrine of judicial estoppel should be guided by a sense of fairness, with the facts of the particular dispute in mind." *Reed*, 650 F.3d at 574 (quoting 18 James Wm. Moore et al., Moore's Federal Practice § 134.31 at 73 (3d ed. 2011).  "'Judicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that disclosed asset.'"  *Id.* (quoting *Jethroe*, 412 F.3d at 600).

That is what the properly-considered documents show occurred here.  Lea failed to disclose her pending EEOC charge to the bankruptcy court, or later to amend her bankruptcy petition to disclose this lawsuit against Nissan, but she now seeks to recover against Nissan. Applying the doctrine of judicial estoppel prevents Lea from benefiting from her nondisclosure and preserves an important incentive for debtors to disclose all of their assets,

as required by law.  *See Love*, 677 F.3d at 266 (affirming application of judicial estoppel to

employment discrimination claim not disclosed in plaintiff's chapter 13 bankruptcy filings);

*see also Anderson*, 2012 WL 5400059, at \*5 n.3 (applying judicial estoppel to FLSA claim

not disclosed in plaintiff's chapter 13 bankruptcy filings).

* * *

For the reasons explained, the court grants Nissan's motion to dismiss and dismisses

this action with prejudice by judgment filed today.[5]

**SO ORDERED**.

February 23, 2022.

SIDNEY A. FITZWATER
SENIOR JUDGE

---

[5]Lea originally included two individuals—Jason Perry and Anna Smith—as defendants.  Because Lea is proceeding *in forma pauperis*, however, her claims against all defendants, including these two, were subject to screening.  On September 28, 2021 the court declined to permit Lea to proceed *in forma pauperis* against these defendants and dismissed the claims against them with prejudice.  The judgment filed today dismisses Lea's action against these two defendants since the court did not enter a Rule 54(b) final judgment against them at the time it entered its September 28, 2021 order.

- 10 -